UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 01-CV-12119-WGY

|  |  |
|---|---|
| ANDRE LEOTTI, | ) |
|  | ) |
| v. | ) |
|  | ) |
| CHRISTOPHER McDERMOTT, | ) |
| MICHAEL CESARINI, and | ) |
| JOHN YUNITS, in his capacity as | ) |
| MAYOR OF THE CITY OF | ) |
| BROCKTON, | ) |
|      Defendants. | ) |

## DEFENDANTS ANSWER TO PLAINTIFF'S COMPLAINT AND JURY DEMAND

### PARTIES

1.    The defendants are without sufficient knowledge to form a belief as to the allegations contained in Paragraph 1 of plaintiff's Complaint.

2.    The defendants admit the allegations contained in Paragraph 2 of plaintiff's Complaint.

3.    The defendants admit the allegations contained in Paragraph 3 of plaintiff's Complaint.

4.    Defendants admit the allegations in Paragraph 4 of the Complaint to the extent it alleges John T. Yunits, Jr. is the Mayor of the City of Brockton.

### FACTUAL ALLEGATIONS

5.    Defendants admit the allegations in Paragraph 5 of the Complaint to the extent it alleges the plaintiff operated a motor vehicle on a public way in Brockton on the evening of December 22, 1999.  The defendants deny each and every other allegation in Paragraph 5 of the Complaint.

6.    Defendants admit the allegations in Paragraph 6 of the Complaint to the extent it alleges Officer McDermott was on duty the evening of December 22, 1999.  The defendants' deny each and every other allegation in Paragraph 6 of the Complaint.



7.    Defendants admit the allegations in Paragraph 6 of the Complaint to the extent it alleges Officer Cesarini was on duty the evening of December 22, 1999. The defendants' deny each and every other allegation in Paragraph 6 of the Complaint.

8.    The defendants are without sufficient knowledge to form a belief as to the allegations contained in Paragraph 8 of plaintiff's Complaint.

9.    Defendants admit the allegations in Paragraph 9 of the Complaint to the extent it alleges that plaintiff's vehicle was stopped by Officers McDermott and Cesarini on the evening of December 22, 1999. The defendants deny each and every other allegation in Paragraph 9 of plaintiff's Complaint.

10.    The defendants admit the allegations in Paragraph 10 of the Complaint to the extent it alleges the Officers stopped plaintiff's vehicle for failing to stop at a stop sign.

11.    The defendants deny the allegations contained in Paragraph 11 of plaintiff's Complaint.

12.    The defendants deny the allegations contained in Paragraph 12 of plaintiff's Complaint.

13.    The defendants deny the allegations contained in Paragraph 13 of plaintiff's Complaint.

14.    The defendants deny the allegations contained in Paragraph 14 of plaintiff's Complaint.

15.    The defendants deny the allegations contained in Paragraph 15 of plaintiff's Complaint.

16.    The defendants deny the allegations contained in Paragraph 16 of plaintiff's Complaint.

17.    The defendants admit the allegations to Paragraph 17 of the Complaint only to the extent that letters purporting to be notice pursuant to Chapter 258 were received by the defendants. Defendants deny each and every other allegations in Paragraph 17 of the Complaint.

## COUNT I
### (ASSAULT AND BATTERY V. CHRISTOPHER MCDERMOTT)

18.    The defendants repeat and incorporate by reference their responses to Paragraphs 1 through 17 as if set forth in full herein.

19.    The defendants deny the allegations contained in Paragraph 19 of plaintiff's Complaint.

20.    The defendants deny the allegations contained in Paragraph 20 of plaintiff's Complaint.

## COUNT II
### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

V. CHRISTOPHER MCDERMOTT)

21.    The defendants repeat and incorporate by reference their responses to Paragraphs 1 through 20 as if set forth in full herein.

22.    The defendants deny the allegations contained in Paragraph 22 of plaintiff's Complaint.

23.    The defendants deny the allegations contained in Paragraph 23 of plaintiff's Complaint.


COUNT III
(NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
V. CHRISTOPHER MCDERMOTT)

24.    The defendants repeat and incorporate by reference their responses to Paragraphs 1 through 23 as if set forth in full herein.

25.    The defendants deny the allegations contained in Paragraph 25 of plaintiff's Complaint.

26.    The defendants deny the allegations contained in Paragraph 26 of plaintiff's Complaint.

COUNT IV
(VIOLATION OF MASSACHUSETTS CIVIL RIGHTS ACT
V. CHRISTOPHER MCDERMOTT)

27.    The defendants repeat and incorporate by reference their responses to Paragraphs 1 through 26 as if set forth in full herein.

28.    The defendants do not answer the allegations in Paragraph 28 of the Complaint because such allegations contain conclusions of law that do not require a responsive pleading.  To the extent a response is deemed necessary, defendants admit the allegations in Paragraph 28 of the Complaint.

29.    The defendants deny the allegations contained in Paragraph 29 of plaintiff's Complaint.

30.    The defendants deny the allegations contained in Paragraph 30 of plaintiff's Complaint.

31.    The defendants deny the allegations contained in Paragraph 31 of plaintiff's Complaint.

## COUNT V
## (VIOLATION OF FEDERAL CIVIL RIGHTS ACT V. CHRISTOPHER MCDERMOTT)

32.    The defendants repeat and incorporate by reference their responses to Paragraphs 1 through 31 as if set forth in full herein.

33.    The defendants do not answer the allegations in Paragraph 33 of the Complaint because such allegations contain conclusions of law that do not require a responsive pleading.  To the extent a response is deemed necessary, defendants admit the allegations in Paragraph 33 of the Complaint.

34.    The defendants deny the allegations contained in Paragraph 34 of plaintiff's Complaint.

35.    The defendants deny the allegations contained in Paragraph 35 of plaintiff's Complaint.

36.    The defendants deny the allegations contained in Paragraph 36 of plaintiff's Complaint.

## COUNT VI
## (ASSAULT AND BATTERY V. MICHAEL CESARINI)

37.    The defendants repeat and incorporate by reference their responses to Paragraphs 1 through 36 as if set forth in full herein.

38.    The defendants deny the allegations contained in Paragraph 38 of plaintiff's Complaint.

39.    The defendants deny the allegations contained in Paragraph 39 of plaintiff's Complaint.

## COUNT VII
## (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS V. MICHAEL CESARINI)

40.    The defendants repeat and incorporate by reference their responses to Paragraphs 1 through 39 as if set forth in full herein.

41.    The defendants deny the allegations contained in Paragraph 41 of plaintiff's Complaint.

42.    The defendants deny the allegations contained in Paragraph 42 of plaintiff's Complaint.

## COUNT VIII
## (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS V. MICHAEL CESARINI)

43.    The defendants repeat and incorporate by reference their responses to Paragraphs 1

through 42 as if set forth in full herein.

44.     The defendants deny the allegations contained in Paragraph 44 of plaintiff's Complaint.

45.     The defendants deny the allegations contained in Paragraph 45 of plaintiff's Complaint.

COUNT IX

(VIOLATION OF MASSACHUSETTS CIVIL RIGHTS ACT V. MICHAEL CESARINI)

46.     The defendants repeat and incorporate by reference their responses to Paragraphs 1 through 45 as if set forth in full herein.

47.     The defendants do not answer the allegations in Paragraph 47 of the Complaint because such allegations contain conclusions of law that do not require a responsive pleading.  To the extent a response is deemed necessary, defendants admit the allegations in Paragraph 47 of the Complaint.

48.     The defendants deny the allegations contained in Paragraph 48 of plaintiff's Complaint.

49.     The defendants deny the allegations contained in Paragraph 49 of plaintiff's Complaint.

50.     The defendants deny the allegations contained in Paragraph 50 of plaintiff's Complaint.

COUNT X

(VIOLATION OF FEDERAL CIVIL RIGHTS ACT V. MICHAEL CESARINI)

51.     The defendants repeat and incorporate by reference their responses to Paragraphs 1 through 50 as if set forth in full herein.

52.     The defendants do not answer the allegations in Paragraph 52 of the Complaint because such allegations contain conclusions of law that do not require a responsive pleading.  To the extent a response is deemed necessary, defendants admit the allegations in Paragraph 52 of the Complaint.

53.     The defendants deny the allegations contained in Paragraph 53 of plaintiff's Complaint.

54.     The defendants deny the allegations contained in Paragraph 54 of plaintiff's Complaint.

55.     The defendants deny the allegations contained in Paragraph 55 of plaintiff's Complaint.

COUNT XI

(NEGLIGENT HIRING V. JOHN YUNITS AS MAYOR OF THE CITY OF BROCKTON)

56.    The defendants repeat and incorporate by reference their responses to Paragraphs 1 through 55 as if set forth in full herein.

57.    The defendants deny the allegations contained in Paragraph 57 of plaintiff's Complaint.

58.    The defendants deny the allegations contained in Paragraph 58 of plaintiff's Complaint.

COUNT XII
(NEGLIGENT SUPERVISION V. JOHN YUNITS AS MAYOR
OF THE CITY OF BROCKTON)

59.    The defendants repeat and incorporate by reference their responses to Paragraphs 1 through 58 as if set forth in full herein.

60.    The defendants deny the allegations contained in Paragraph 60 of plaintiff's Complaint.

61.    The defendants deny the allegations contained in Paragraph 61 of plaintiff's Complaint.

COUNT XII (sic)
(RESPONDENT SUPERIOR V. JOHN YUNITS AS MAYOR
OF THE CITY OF BROCKTON)

62.    The defendants repeat and incorporate by reference their responses to Paragraphs 1 through 61 as if set forth in full herein.

63.    The defendants deny the allegations contained in Paragraph 63 of plaintiff's Complaint.

64.    The defendants deny the allegations contained in Paragraph 64 of plaintiff's Complaint.

COUNT XIII (sic)
(VIOLATION OF MASSACHUSETTS CIVIL RIGHTS ACT V. JOHN YUNITS
AS MAYOR OF THE CITY OF BROCKTON)

65.    The defendants repeat and incorporate by reference their responses to Paragraphs 1 through 64 as if set forth in full herein.

66.    The defendants do not answer the allegations in Paragraph 66 of the Complaint because such allegations contain conclusions of law that do not require a responsive pleading.  To the extent a response is deemed necessary, defendants admit the allegations in Paragraph 66 of the Complaint.

67.    The defendants deny the allegations contained in Paragraph 67 of plaintiff's Complaint.

68.    The defendants deny the allegations contained in Paragraph 68 of plaintiff's Complaint.

69.    The defendants deny the allegations contained in Paragraph 69 of plaintiff's Complaint.

70.    The defendants deny the allegations contained in Paragraph 70 of plaintiff's Complaint.

### COUNT XIX (sic)
### (VIOLATION OF FEDERAL CIVIL RIGHTS ACT V. JOHN YUNITS
### AS MAYOR OF THE CITY OF BROCKTON)

71.    The defendants repeat and incorporate by reference their responses to Paragraphs 1 through 70 as if set forth in full herein.

72.    The defendants do not answer the allegations in Paragraph 72 of the Complaint because such allegations contain conclusions of law that do not require a responsive pleading.  To the extent a response is deemed necessary, defendants admit the allegations in Paragraph 72 of the Complaint.

73.    The defendants deny the allegations contained in Paragraph 73 of plaintiff's Complaint.

74.    The defendants deny the allegations contained in Paragraph 74 of plaintiff's Complaint.

75.    The defendants deny the allegations contained in Paragraph 75 of plaintiff's Complaint.

76.    The defendants deny the allegations contained in Paragraph 76 of plaintiff's Complaint.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted, as a result of which this action should be dismissed with prejudice and with costs to the defendant.

### SECOND AFFIRMATIVE DEFENSE

The plaintiff is estopped by his conduct from recovering on his claim.

### THIRD AFFIRMATIVE DEFENSE

The defendants say that the injuries or damages alleged were caused in whole or in part by the plaintiff's own conduct.

-7-

## FOURTH AFFIRMATIVE DEFENSE

The defendants say that the injuries or damages alleged were caused in whole or in part by the violation by the plaintiff of the various statutes, ordinances and regulations governing the conduct of the parties at the time said injuries or damages were sustained.

## FIFTH AFFIRMATIVE DEFENSE

The Defendants were justified in their conduct and acts and, therefore, not liable to the Plaintiff.

## SIXTH AFFIRMATIVE DEFENSE

The Defendants state that the actions of the Defendant police officers were performed according to, and protected by law, and/or legal process, and that therefore the Plaintiff cannot recover.

## SEVENTH AFFIRMATIVE DEFENSE

The Defendant police officers, were privileged in their conduct and acts and that, therefore, the Plaintiff cannot recover.

## EIGHTH AFFIRMATIVE DEFENSE

The Defendants state that at all times relevant hereto, the Defendant police officers, acted without malice toward the Plaintiff and that their actions relative to the Plaintiff were privileged by virtue of their acting reasonably and in good faith within the scope of their authority.

## NINTH AFFIRMATIVE DEFENSE

The Defendant police officers have qualified immunity from this suit as the alleged acts complained of occurred within the scope of their official duties and they had no knowledge that said alleged acts were illegal and/or unconstitutional nor were said alleged acts clearly violative of the Plaintiff's rights at the time that they were allegedly committed.

## TENTH AFFIRMATIVE DEFENSE

The complaint must be dismissed for lack of service and/or insufficiency of service of process, in that the summons and complaint were not properly served on the Defendants.

## ELEVENTH AFFIRMATIVE DEFENSE

The Defendants answering state that the Plaintiff was not deprived any rights secured by either the state or U.S. Constitution or by the laws of the Commonwealth of Massachusetts or the United States.

## TWELFTH AFFIRMATIVE DEFENSE

The Defendants answering state that the Plaintiff, by his conduct and actions and/or by the conduct and actions of his agents and servants, has waived any and all rights he may have had against the Defendants.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Defendants answering state that if the Plaintiff suffered injuries or damage, as alleged, such injuries or damage were caused by someone for whose conduct the Defendant was not and is not legally responsible.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Plaintiff has failed to state a cause of action under 42 U.S.C. Section 1983 because the Plaintiff does not allege an official custom, policy or practice which caused the allegedly unconstitutional denial of the Plaintiff's civil rights and a municipality cannot be held vicariously liable for the unconstitutional acts of its officers or employees.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Defendants state that no act or omission by Defendants was a proximate cause of damages, if any, allegedly sustained by the Plaintiff.

## SIXTEENTH AFFIRMATIVE DEFENSE

The Defendants answering state that any force allegedly used to detain or arrest Plaintiff, if it occurred at all, was a reasonable use of force under the circumstances.

## SEVENTEETH DEFENSE

The defendants state that they are immune from liability in this matter pursuant to the so-called "public duty rule" as codified in the provisions of M.G.L. c. 258.

## EIGHTEENTH DEFENSE

The defendants state that the Plaintiff has failed to comply with the presentment requirements of M.G.L. c.258.

## NINETEENTH DEFENSE

The defendants state that the Plaintiff was not in the exercise of due care, but rather the negligence of the plaintiff constituted a cause for the injuries or damage complained of, wherefore recovery of the Plaintiff is barred in whole or in part, or is subject to diminution.

## TWENTIETH DEFENSE

The defendants state that public employees are immune from suit for damages caused by any alleged negligence occurring within the performance of their employment. M.G.L. c. 258, § 2.

## TWENTY-FIRST DEFENSE

The defendants state that plaintiff has failed to mitigate his damages as required by law.

## JURY DEMAND

The Defendants Christopher McDermott, Michael Cesarini and John Yunits in his capacity as Mayor of the City of Brockton demand a trial by jury on all issues.

> The Defendants,
> CHRISTOPHER McDERMOTT, MICHAEL
> CESARINI, and JOHN YUNITS in his capacity as
> MAYOR OF THE CITY OF BROCKTON,
> By their Attorneys,
>
>
> John J. Cloherty III, BBO # 566522
> PIERCE, DAVIS & PERRITANO, LLP
> Ten Winthrop Square
> Boston, MA 02110
> 617-350-0950

I hereby certify th...
above document ...
party appearing p...  ...) the attorney
of record for ea...  ...) party by mail
(by hand...

-10-